### CHARLES PHINNEY *vs.* WILLIAM WATTS.

A deed of land bounded " westerly by P.'s Mill Pond," which has been artificially created by erecting a dam across a stream, and through which the thread of the stream has always been apparent, passes the land to the thread of the stream.

ACTION OF TORT for breaking the plaintiff's close and taking fish therein. The parties submitted to the judgment of the court this case:

In 1822 Josiah Scudder conveyed to the plaintiff a tract of land in Barnstable bounded " westerly by Phinney's Mill Pond." This mill pond was about thirty rods long and from one to six rods wide, and, long before this conveyance, had been made by building a dam across a natural stream. It was sometimes called " Phinney's Mill Pond," and sometimes " Trout Brook,"

and through the middle of the pond the thread of the stream is and always has been apparent from the greater depth of water and the current.

The defendant, under license from an owner of the dam and the water privilege incident thereto, crossed the pond in a boat, and between the thread of the stream and the plaintiff's upland caught a pound of trout.

*J. M. Day*, for the plaintiff, cited *Waterman* v. *Johnson*, 13 Pick. 261; *Bradley* v. *Rice*, 13 Maine, 198; *Hathorne* v. *Stinson*, 3 Fairf. 183; *Nickerson* v. *Crawford*, 16 Maine, 245; *Lowell* v. *Robinson*, 16 Maine, 357.

*G. Marston*, for the defendant, relied on *Waterman* v. *Johnson*, 13 Pick. 261.

METCALF, J. By the deed under which the plaintiff claims title to the *locus in quo*, he is bounded " westerly by Phinney's Mill Pond," which, according to the agreed facts, is sometimes called by that name, and sometimes by the name of " Trout Brook," and which is about thirty rods long, and from one to six rods wide, and through which the thread of a stream has always been apparent. On this state of the facts, the court are of opinion that the western boundary of the plaintiff's land is the centre or thread of the stream; as it unquestionably would have been, if the deed had bounded him on Trout Brook, the other name by which the water was known and called.

Though we cannot see any reason why the plaintiff's grantor should wish to exclude from his grant the very narrow strip of land between the brook and the edge of the water overflowing its banks — which would be worthless to him, while overflowed — yet this cannot be allowed to influence our judgment. The deed must be construed by the legal rules which are applicable to its terms.

However the words " bounded by a pond " should be construed, when applied to a natural pond, whether in its original state or raised by artificial means, we are of opinion, with Chief Justice Weston, that when land is bounded " upon an artificial pond created by expanding a stream by means of a dam, the riparian proprietor would go to the thread of the stream. This

is law," he says, " well settled and understood." *Bradley* v. *Rice,* 13 Maine, 201. See also *Waterman* v. *Johnson,* 13 Pick. 265, where Chief Justice Shaw intimates the like opinion; also *Lowell* v. *Robinson,* 16 Maine, 361. In the absence of any adjudication conclusively settling the precise case before us, we adopt these views and apply them.

*Judgment for the plaintiff.*